**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**



AMERICAN CIVIL LIBERTIES UNION
FOUNDATION

Plaintiff,

v.

UNITED STATES DEPARTMENT OF
JUSTICE, including its component the Federal
Bureau of Investigation

Defendant.

No. _____

## COMPLAINT FOR INJUNCTIVE RELIEF

1.      This is an action under the Freedom of Information Act ("FOIA"),
5 U.S.C. § 552, for injunctive and other appropriate relief, seeking the immediate processing and
release of agency records requested by plaintiff American Civil Liberties Union Foundation
("ACLU") from defendant the United States Department of Justice ("DOJ"), specifically its
component the Federal Bureau of Investigation ("FBI"). Although plaintiff submitted its request
for records on July 18, 2012, defendant has failed to process the request by the statutorily-
mandated deadline.

2.      On July 18, 2012, plaintiff submitted a FOIA request ("the Request") seeking two
memoranda setting forth the FBI's guidance regarding the Supreme Court's decision in *United
States v. Jones*, 132 S. Ct. 945 (2012). In *Jones,* the Court held that attaching a GPS device to an
individual's vehicle and tracking his movements is a search. The Court's decision established
important limits on law enforcement agencies' electronic monitoring of Americans' movements.

1

The Court had not weighed in on location privacy for nearly two decades, and *Jones* is the Court's first decision on GPS tracking specifically.

3.      On February 24, 2012, FBI general counsel Andrew Weissmann gave public remarks in which he recognized the landmark nature of the *Jones* decision, but criticized it for failing to provide agents in the field with clear guidance. He explained that the FBI had prepared two memoranda setting forth its own guidance regarding *Jones*, with the first focusing on the use of GPS and the second on other law enforcement techniques.

4.      The American public has a strong interest in the disclosure of the memoranda. The FBI is the nation's premier law enforcement agency. How the FBI implements the Supreme Court's decision in *Jones* will shape not only the conduct of its own agents but also the policies, practices, and procedures of other law enforcement agencies – and, consequently, the privacy rights of Americans.

5.      Plaintiff seeks an injunction requiring defendant to process the Request immediately. Plaintiff also seeks an order enjoining defendant from assessing fees for the processing of the Request.

### Jurisdiction and Venue

6.      This Court has subject matter jurisdiction of the FOIA claim and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

7.      Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

### Parties

8.      Plaintiff American Civil Liberties Union Foundation is a nationwide, non-profit, nonpartisan organization dedicated to the constitutional principles of liberty and equality.

Plaintiff is committed to ensuring that the U.S. government acts in compliance with the Constitution and law. The ACLU is also committed to principles of transparency and accountability in government, and seeks to ensure that the American public is informed about the conduct of its government. Analyzing records obtained through the Freedom of Information Act and widely publishing and disseminating that information to the press and the public is a critical and substantial component of the ACLU's work and one of its primary activities.

9.      Defendant DOJ is a department of the executive branch of the U.S. government and an agency within the meaning of 5 U.S.C. § 552(f)(1). The FBI is a component of DOJ. DOJ is headquartered in Washington, D.C.

**Factual Background**

10.     On January 23, 2012, the Supreme Court issued its decision in *Jones*. The Court held that attaching a GPS device to a car and tracking its movements is a search under the Fourth Amendment. However, the Supreme Court did not resolve whether GPS tracking is the sort of search that obligates law enforcement agents to obtain a warrant based on probable cause. Further, the Supreme Court did not discuss how its holding would apply to other types of searches, most notably tracking the location of a cell phone.

11.     On February 24, 2012, at a symposium hosted by the University of San Francisco Law Review, FBI general counsel Andrew Weissmann recognized the importance of the *Jones* decision but stated that the decision did not contain the sort of clear guidance that would have been helpful to law enforcement agents in the field.

12.     Mr. Weissmann described two memoranda the FBI was to issue that day or the following Monday, setting out its own guidance regarding *Jones*. According to Mr. Weissmann, the first memorandum concerns the use of GPS tracking.  Mr. Weissmann suggested that the

memorandum would state a view on such questions as whether *Jones* applies to vehicles other than cars (such as airplanes and boats), and whether it applies at the international border. The second memorandum sets forth the FBI's views on how *Jones* applies to other evidence-gathering techniques beyond GPS.

13.     There is a strong public interest in disclosure of the memoranda. The FBI's guidance regarding *Jones* directly influences law enforcement policies and American citizens' Fourth Amendment right to privacy. The release of the memoranda will help the public understand whether the FBI conforms to the constitutional requirements discussed in *Jones*.

**Plaintiff's FOIA Request and the Government's Response to the Request**

14.     On July 18, 2012, plaintiff submitted its Request for the two memoranda referenced by Mr. Weissmann during his February 24, 2012 speech.

15.     Plaintiff sought waiver of search, review, and reproduction fees pursuant to 5 U.S.C. § 552(a)(4)(A)(iii). The disclosure of the requested records is in the public interest because it is likely to contribute significantly to public understanding of the operations and activities of the government and is not primarily in the commercial interest of the requester.

16.     Plaintiff also sought a limitation of processing fees on the basis that the ACLU is a representative of the news media and the records are not sought for commercial use. *See* 5 U.S.C. § 552(a)(4)(A)(ii)(II). The ACLU is a representative of the news media within the meaning of the statute because it gathers information of interest to the public, compiles that information in raw and processed forms, and makes those compilations available to both the public and other news media organizations. The ACLU provides this information at no cost, so disclosure is not in its financial interest.

17.     By letter dated August 2, 2012, the FBI acknowledged receipt of the Request and assigned it processing number 1195864-000. The letter stated that the ACLU's request for a fee waiver is being considered. This is the only correspondence regarding the Request that the ACLU has received. The FBI has not produced any records in response to the Request.

18.     On August 15, 2012, plaintiff filed suit in the U.S. District Court for the Southern District of New York seeking an injunction requiring defendant to process the Request immediately and an order enjoining defendant from assessing fees for the processing of the Request. On September 17, 2012, counsel for defendant informed plaintiff that defendant believed the Request had been filed one day prematurely, and that administrative remedies could not therefore be deemed exhausted. Rather than litigate this threshold issue, plaintiff voluntarily dismissed the suit without prejudice on September 17, 2012.

19.     On September 17, 2012, counsel for defendant informed plaintiff that the memoranda at issue in the Request were produced by the Criminal Division of the Department of Justice, and consequently that the FBI had redirected the Request to the Criminal Division for processing. Plaintiff has not received any further information from the FBI about the status of processing of the Request.

**Causes of Action**

20.     Defendant's failure to promptly make available the records sought by the Request violates the FOIA, 5 U.S.C. § 552(a)(6)(A), and defendant's corresponding regulations.

21.     Defendant's failure to grant plaintiff's request for a waiver of search, review, and duplication fees violates the FOIA, 5 U.S.C. § 552(a)(4), (a)(6), and defendant's corresponding regulations.

22.    Defendant's failure to grant plaintiff's request for a limitation of processing fees violates the FOIA, 5 U.S.C. § 552(a)(4)(A)(ii)(II), and defendant's corresponding regulations.

### Requested Relief

WHEREFORE, plaintiff respectfully requests that this Court:

A.  Order defendant to immediately process all records responsive to the Request;

B.  Enjoin defendant from charging plaintiff search, review, or duplication fees for the processing of the Request;

C.  Award plaintiff its costs and reasonable attorneys' fees incurred in this action; and

D.  Grant such other relief as the Court may deem just and proper.

Dated: October 3, 2012                                   Respectfully submitted,

Nathan Freed Wessler
Attorney Bar Code: nw1982
Catherine Crump
Attorney Bar Code: cc4067
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Telephone:    212.549.2500
Facsimile:    212.549.2651
Email:        nwessler@aclu.org
              ccrump@aclu.org