UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

AMERICAN CIVIL LIBERTIES UNION           :
FOUNDATION,                               :
                                          :
                    Plaintiff,            :
                                          :
         v.                               :        12 Civ. 7412 (WHP)
                                          :
UNITED STATES DEPARTMENT OF JUSTICE,      :        ECF Case
including its component the Federal Bureau of :
Investigation,                            :
                                          :
                    Defendant.            :
                                          :
------------------------------------------------------------x


# MEMORANDUM OF LAW IN SUPPORT OF
# DEFENDANT'S MOTION FOR SUMMARY JUDGMENT


PREET BHARARA
United States Attorney for the
Southern District of New York
By: CARINA H. SCHOENBERGER
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York  10007
Tel.:  (212) 637-2822
Fax:  (212) 637-2702
carina.schoenberger@usdoj.gov

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ...........................................................................1

FACTUAL BACKGROUND ..............................................................................2

I.      ACLU's FOIA Request and Complaint ..............................................2

II.     FBI's Initial Response to the FOIA Request ......................................3

III.    DOJ's Production of Responsive Memoranda .....................................4

ARGUMENT .....................................................................................................8

POINT I         This Action May Be Resolved on a Summary Judgment Motion ..............8

POINT II        DOJ Complied with Its Obligation to Search for and Produce
                Non-Exempt Records..........................................................9

POINT III       DOJ Has Demonstrated That the Withheld Portions of the
                Responsive Memoranda Are Exempt from Disclosure Under
                FOIA ...........................................................................10

        A.      The Responsive Memoranda Are Attorney Work Product Exempt
                from Disclosure Under Exemption 5 .......................................10

        B.      The Responsive Memoranda Contain Information Concerning
                Law Enforcement Techniques and Guidelines Exempt from
                Disclosure Under Exemption 7(E).........................................16

                1.      The Responsive Memoranda Were Compiled for Law
                        Enforcement Purposes ...............................................17

                2.      Producing the Responsive Memoranda in Full Would
                        Disclose Techniques and Procedures for Law Enforcement
                        Investigations or Prosecutions ....................................17

                3.      Producing the Responsive Memoranda in Full Would Disclose
                        Law Enforcement Guidelines the Disclosure of Which Could
                        Reasonably Be Expected to Risk Circumvention of the Law........19

        CONCLUSION ...............................................................................22

# TABLE OF AUTHORITIES

*Allard K. Lowenstein Int'l Human Rights Project v. Dep't of Homeland Sec.*,
626 F.3d 678 (2d Cir. 2010)......................................................................16, 17

*Am. Immigration Lawyers Ass'n v. U.S. Dep't of Homeland Sec.*,
852 F. Supp. 2d 66 (D.D.C. 2012) ...................................................................18

*Associated Press v. U.S. Dep't of Justice*,
549 F.3d 62 (2d Cir. 2008)................................................................................8

*Barnard v. Dep't of Homeland Sec.*,
598 F. Supp. 2d 1 (D.D.C. 2009) ................................................................16, 18

*Boyd v. Bureau of Alcohol, Tobacco & Firearms*,
570 F. Supp. 2d 156 (D.D.C. 2008) ..................................................................19

*Butler v. Dep't of the Treasury*,
No. 95-1931 (GK), 1997 WL 138720 (D.D.C. Jan. 14, 1997) ..........................21

*Carbe v. Bureau of Alcohol, Tobacco & Firearms*,
No. Civ. A. 03-1658 (RMC), 2004 WL 2051359 (D.D.C. Aug. 12, 2004)......................19

*Carney v. U.S. Dep't of Justice*,
19 F.3d 807 (2d Cir. 1994)............................................................................8, 9

*Delaney, Migdail & Young, Chartered v. IRS*,
826 F.2d 124 (D.C. Cir. 1987) ............................................................10, 12, 13, 15

*Fed'l Trade Comm'n v. Grolier Inc.*,
462 U.S. 19 (1983) ..........................................................................................11

*Ferguson v. FBI*,
89 Civ. 5071 (RPP), 1995 WL 329307 (S.D.N.Y. June 1, 1995),
*aff'd*, 83 F.3d 41 (2d Cir. 1996) ........................................................................2

*Grand Cent. P'ship, Inc. v. Cuomo*,
166 F.3d 473 (2d Cir. 1999)....................................................................8, 9, 10

*Halpern v. FBI*,
181 F.3d 279 (2d Cir. 1999).............................................................................9

*Judicial Watch, Inc. v. Dep't of Justice*,
432 F.3d 366 (D.C. Cir. 2005) ........................................................................15

*Judicial Watch, Inc. v. U.S. Dep't of Commerce*,
    337 F. Supp. 2d 146 (D.D.C. 2004) ...............................................................16

*Kurdyukov v. U.S. Coast Guard*,
    657 F. Supp. 2d 248 (D.D.C. 2009) ...............................................................20

*Lawyers Comm. for Human Rights v. Immigration & Naturalization Serv.*,
    721 F. Supp. 552 (S.D.N.Y. 1989) .................................................................12

*Lewis-Bey v. U.S. Dep't of Justice*,
    595 F. Supp. 2d 120 (D.D.C. 2009) ...............................................................20

*Martin v. Dep't of Justice*,
    488 F.3d 446 (D.C. Cir. 2007) .......................................................................13

*Martin v. Office of Special Counsel, Merit Sys. Protection Bd.*,
    819 F.2d 1181 (D.C. Cir. 1987) .....................................................................15

*Milner v. Dep't of Navy*,
    131 S. Ct. 1259 (2011) ...................................................................................11

*Morley v. CIA*,
    508 F.3d 1108 (D.C. Cir. 2007) .....................................................................20

*NLRB v. Robbins Tire & Rubber Co.*,
    437 U.S. 214 (1978) .........................................................................................8

*NLRB v. Sears, Roebuck & Co.*,
    421 U.S. 132, 95 S. Ct. 1504 (1975) .......................................................10, 11

*New York Civil Liberties Union v. Dep't of Homeland Sec.*,
    771 F. Supp. 2d 289 (S.D.N.Y. 2011) ...........................................................18

*New York Times Co. v. U.S. Dep't of Justice*,
    872 F. Supp. 2d 309 (S.D.N.Y. 2012) .............................................................2

*Ricoh Co., Ltd. v. Aeroflex Inc.*,
    219 F.R.D. 66 (S.D.N.Y. 2003) .....................................................................14

*Schiller v. NLRB*,
    964 F.2d 1205 (D.C. Cir. 1992) ...............................................................11, 12

*Soghoian v. U.S. Dep't of Justice*,
    885 F. Supp. 2d 62, 2012 WL 3090309 (D.D.C. July 31, 2012) ....................12, 17, 19, 20

*Tigue v. U.S. Dep't of Justice,*
        312 F.3d 70 (2d Cir. 2002)..................................................................................10

*United Tech. Corp. v. NLRB,*
        632 F. Supp. 776 (D. Conn.), *aff'd*, 777 F.2d 90 (2d Cir. 1985) ......................................15

*Williams v. McCausland,*
        No. 90 Civ. 7563 (RWS), 1994 WL 18510 (S.D.N.Y. Jan. 18, 1994) ............................15

*Wood v. FBI,*
        312 F. Supp. 2d 328 (D. Conn. 2004), *aff'd in part and rev'd in part,*
        432 F.3d 78 (2d Cir. 2005)..............................................................................14, 15

*Wood v. FBI,*
        432 F.3d 78 (2d Cir. 2005)..............................................................................10, 14

## STATUTES AND REGULATIONS

5 U.S.C. § 552(a)-(b) .................................................................................................. *passim*

28 C.F.R. § 16.4(c)(2)..................................................................................................4

## RULES

Fed. R. Civ. P. 56 ....................................................................................................1, 8, 9

Defendant the United States Department of Justice ("DOJ"), by its attorney, Preet Bharara, United States Attorney for the Southern District of New York, respectfully submits this memorandum of law in support of its motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, as against the claims filed by plaintiff the American Civil Liberties Union Foundation ("ACLU") under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").

## PRELIMINARY STATEMENT

In this FOIA action, the ACLU seeks two internal memoranda containing "guidance regarding the Supreme Court's decision in *United States v. Jones*, 132 S. Ct. 945 (2012)." Docket Entry 1, Complaint ¶ 2. The *Jones* decision pertains to the use of global positioning system ("GPS") tracking devices by law enforcement. 132 S. Ct. at 948.

DOJ located both memoranda and produced them to the ACLU with redactions to withhold protected information exempt from public disclosure under FOIA. DOJ determined that attorneys prepared the memoranda in anticipation of litigation, making the documents work product that is exempt from public disclosure under FOIA Exemption 5, 5 U.S.C. § 552(b)(5). *See infra* Argument, Point III.A. DOJ also determined that portions of the memoranda are exempt from disclosure under FOIA Exemption 7(E), 5 U.S.C. § 552(b)(7)(E), because they contain descriptions of law enforcement techniques and procedures as well as guidelines for investigations and prosecutions that, if disclosed, could allow individuals to circumvent the law. *See infra* Argument, Point III.B. DOJ produced all reasonably segregable, non-exempt information from the two memoranda.

DOJ has fully complied with FOIA and, with the accompanying declarations, satisfied its burden of demonstrating that the material withheld from the released documents is exempt from

public disclosure under the law.  Accordingly, the Court should grant summary judgment in favor of DOJ.

## FACTUAL BACKGROUND[1]

### I.   ACLU's FOIA Request and Complaint

By letter and facsimile dated July 18, 2012, the ACLU submitted a request for records under FOIA to the Federal Bureau of Investigation ("FBI") seeking "two Federal Bureau of Investigation ('FBI') memoranda that set forth the FBI's guidance regarding the Supreme Court's decision in *United States v. Jones*" (the "FOIA Request").  Declaration of David M. Hardy ("Hardy Decl.") ¶ 5 & Exh. A.  Specifically, the ACLU requested "disclosure of the two memoranda referenced by Mr. Weissmann during his February 24, 2012 speech at the University of San Francisco Law Review Symposium."  Hardy Decl. ¶ 5 & Exh. A.

On August 15, 2012, prior to the expiration of the twenty days afforded to DOJ to make a determination with respect to the FOIA Request, the ACLU filed a complaint in this Court, requesting immediate access to the two memoranda.  *ACLU Found. v. Dep't of Justice*, No. 12 Civ. 6244 (WHP) (S.D.N.Y.) ("*ACLU I*"), Docket Entry 1; Hardy Decl. ¶ 9; *see also* 5 U.S.C. § 552(a)(6)(A) (regarding agencies' time to respond to FOIA requests).  The ACLU voluntarily dismissed the *ACLU I* complaint without prejudice on September 17, 2012.  *ACLU I*, Docket

---

[1]  In accordance with the general practice in this Circuit, DOJ has not submitted a Statement pursuant to Local Civil Rule 56.1.  *See New York Times Co. v. U.S. Dep't of Justice*, 872 F. Supp. 2d 309, 315 (S.D.N.Y. 2012) ("'[T]he general rule in this Circuit is that in FOIA actions, agency affidavits alone will support a grant of summary judgment,' and Local Civil Rule 56.1 statements are not required.") (quoting *Ferguson v. FBI*, 89 Civ. 5071 (RPP), 1995 WL 329307, at *2 (S.D.N.Y. June 1, 1995), *aff'd*, 83 F.3d 41 (2d Cir. 1996)).  If the Court wishes DOJ to submit such a Statement, it will do so promptly.

Entry 4; Hardy Decl ¶ 10.  The ACLU then filed the pending suit on October 3, 2012.  Docket

Entry 1; Hardy Decl. ¶ 13.

### II.  FBI's Initial Response to the FOIA Request

By letter dated August 2, 2012, the FBI acknowledged receipt of the ACLU's FOIA

Request.  Hardy Decl. ¶ 7 & Exh. B.  The FBI's Record/Information Dissemination Section

("RIDS") contacted the office of Andrew Weissmann, the FBI's General Counsel, to locate the

requested memoranda.  Hardy Decl. ¶ 14.  After consulting with Weissmann, the General

Counsel's office advised RIDS that the two memoranda referenced in the panel discussion were

authored by DOJ's Criminal Division (the "Criminal Division"), not the FBI.  Hardy Decl. ¶ 14.

Earlier in the year, Weissmann had spoken as a panelist at the 2012 University of San

Francisco Law Review Symposium.  Declaration of Andrew Weissmann ("Weissmann Decl.")

¶ 5.  During the panel discussion, he discussed the Supreme Court's *Jones* decision related to

GPS tracking devices.  Weissmann Decl. ¶ 6.  In response to a question concerning DOJ's

reaction to the *Jones* decision, he mentioned that two prospective memoranda were being

prepared regarding the decision.  Weissmann Decl. ¶ 6.  Weissmann described the first

prospective memorandum as "guidance to the field about just GPS, meaning when can you use

GPS going forward and what kind of arguments can you make if there are challenges . . . as to

the application of that decision to ongoing cases . . . ."  Declaration of John E. Cunningham III

("Cunningham Decl.") ¶ 18.  He described the second prospective memorandum as "guidance on

what this means for other types of techniques beyond GPS" and stated that the memorandum

would "be balancing issues of . . . how likely do we think that the court will be doing that in the

future against . . . there's a vital interest in going up and taking that risk."  Cunningham Decl.

¶ 18.  Weissmann did not discuss the specific contents of either of the two prospective memoranda.  Weissmann Decl. ¶ 7; Cunningham Decl. ¶ 18.

By letter dated September 24, 2012, the FBI informed the ACLU that the Criminal Division had authored the two memoranda responsive to the FOIA Request.  Hardy Decl. ¶ 11 & Exh. C.  Because the Criminal Division was the DOJ component best able to respond to the FOIA Request, the FBI forwarded the FOIA Request to the Criminal Division for a direct response to the ACLU pursuant to DOJ FOIA regulations.  Hardy Decl. ¶ 14 & Exh. D; 28 C.F.R. § 16.4(c)(2) ("If the receiving component determines that it is not best able to process the record, then it shall . . . refer the responsibility . . . to the component best able to determine whether to disclose it . . . .).

### III. DOJ's Production of Responsive Memoranda

The Criminal Division received the ACLU's FOIA Request and the two responsive memoranda from the FBI by letter dated September 24, 2012.  Cunningham Decl. ¶ 8 & Exh. B. The two memoranda responsive to the FOIA Request were: (1) a memorandum dated February 27, 2012 with the subject "Guidance Regarding the Application of *United States v. Jones*, 132 S. Ct. 945 (2012), to GPS Tracking Devices" (the "February Memorandum"); and (2) a memorandum dated July 5, 2012 with the subject "Guidance Regarding the Application of *United States v. Jones*, 132 S. Ct. 945 (2012), to Additional Investigative Techniques" (the "July Memorandum") (together, the "Responsive Memoranda").  Cunningham Decl. ¶ 9.

After reviewing the documents, the Criminal Division determined that the February Memorandum and July Memorandum were attorney work product and thus exempt from disclosure under Exemption 5.  Cunningham Decl. ¶ 16.  Both memoranda were authored by the

4

Chief of the Criminal Division's Appellate Section and directed to federal prosecutors.

Cunningham Decl. ¶ 16.  The purpose of creating the memoranda was to analyze the possible

implications of the *Jones* decision on ongoing federal criminal prosecutions and investigations

that could result in litigation.  Cunningham Decl. ¶ 16.  The Criminal Division intended for the

memoranda to aid federal prosecutors in their current and future litigations.  Cunningham Decl.

¶ 16.  To that end, the memoranda identified factual information regarding specific types of

techniques employed in current and past criminal investigations.  Cunningham Decl., ¶ 16.  The

February Memorandum specifically addressed cases involving GPS tracking devices, and the

July Memorandum addressed cases involving other investigative techniques employed by DOJ.

Cunningham Decl. ¶ 16.  Both memoranda discussed potential legal strategies, defenses, and

arguments that might be considered by federal prosecutors in light of *Jones* in each type of case

discussed.  Cunningham Decl. ¶ 16.  The memoranda incorporated DOJ attorneys' opinions and

impressions of *Jones* and legal analysis of potential claims.  Cunningham Decl. ¶ 16.  The

Criminal Division concluded that, because the memoranda identified specific techniques used in

ongoing investigations and legal strategies that might be employed in the cases involving such

techniques, the disclosure of these memoranda would fairly be expected to adversely affect

DOJ's handling of pending and impending litigation.  Cunningham Decl. ¶ 16.

     The Criminal Division intended for both memoranda to be treated as confidential attorney

work product by the prosecutors who received them.  Cunningham Decl. ¶ 17.  Both the

February Memorandum and the July Memorandum included a boldface heading stating that

"THE MATERIAL IN THIS DOCUMENT CONSISTS OF ATTORNEY WORK PRODUCT

AND SHOULD NOT BE DISSEMINATED OUTSIDE THE DEPARTMENT OF JUSTICE."

Cunningham Decl. ¶ 17 & Exhs. D and E.  The memoranda were only distributed internally within DOJ.  Cunningham Decl. ¶ 18.  The Criminal Division reviewed Weissmann's video-recorded remarks from the 2012 University of San Francisco Law Review Symposium panel discussion and confirmed that the contents of the memoranda had not been disclosed. Cunningham Decl. ¶ 18.

The Criminal Division reviewed the Responsive Memoranda for segregability of non-exempt portions and determined that the attorney work product privilege applied to the memoranda in their entirety, but chose to make a discretionary release of the material on pages 1 and 6-8 of the February Memorandum and page 1 of the July Memorandum which would otherwise be exempt from disclosure under Exemption 5.  Cunningham Decl. ¶¶ 10, 19.

The Criminal Division also determined that the Responsive Memoranda contained information exempt from disclosure under Exemption 7(E).  Cunningham Decl. ¶ 23.  After reviewing the February Memorandum, the Criminal Division determined that it discussed the ways in which GPS tracking devices are employed in federal criminal investigations and that the specific techniques available to federal prosecutors, the circumstances in which such techniques might be employed, and the legal considerations related to such techniques were reflected throughout the document.  Cunningham Decl. ¶ 24.  The Criminal Division concluded that the February Memorandum described law enforcement techniques and procedures, as well as guidelines for law enforcement investigations and prosecutions that are not publicly known. Cunningham Decl. ¶ 24.  The Criminal Division determined that disclosing such material could provide individuals with information that would allow them to violate the law while evading detection by federal law enforcement.  Cunningham Decl. ¶ 24.  The Criminal Division reviewed

6

the February Memorandum for segregability of non-exempt portions and determined that

Exemption 7(E) did not exempt from disclosure the introductory material on page 1 and the

summary of the *Jones* decision on pages 6-8, and that these non-exempt portions could

reasonably be segregated from the exempt portions of the document.  Cunningham Decl. ¶¶ 10,

12, 26.

    After reviewing the July Memorandum, the Criminal Division determined that it

discussed the ways in which investigative techniques apart from GPS tracking devices are

employed in federal criminal investigations.  Cunningham Decl. ¶ 25.  As with the February

Memorandum, the specific techniques available to prosecutors, the circumstances in which such

techniques might be employed, and the legal considerations related to such techniques were

reflected throughout the document.  Cunningham Decl. ¶ 25.  The Criminal Division concluded

that the July Memorandum described law enforcement techniques and procedures, as well as

guidelines for law enforcement investigations and prosecutions that were not publicly known.

Cunningham Decl. ¶ 25.  The disclosure of such material could provide individuals with

information that would allow them to violate the law while evading detection by federal law

enforcement.  Cunningham Decl. ¶ 25.  The Criminal Division reviewed the July Memorandum

for segregability of non-exempt portions, determined that Exemption 7(E) did not exempt from

disclosure the introductory material on page 1, and concluded that the introductory material

could reasonably be segregated from the exempt portions of the document.  Cunningham Decl.

¶¶ 10, 12, 26.

    By letter dated December 14, 2012, the United States Attorney's Office for the Southern

District of New York notified the ACLU of the Criminal Division's disclosure determinations,

and provided it with redacted copies of the Responsive Memoranda.  Cunningham Decl. ¶ 13 &

Exhs. C, D, E.  The production completed DOJ's response to the ACLU's FOIA Request.

Cunningham Decl. Exh. C.

## ARGUMENT

### I.     This Action May Be Resolved on a Summary Judgment Motion

FOIA was enacted to "ensure an informed citizenry, . . . needed to check against

corruption and hold the governors accountable to the governed."  *NLRB v. Robbins Tire &*

*Rubber Co.*, 437 U.S. 214, 242 (1978).  The statute requires each federal agency to make

available to the public an array of information, and sets forth procedures by which requesters

may obtain such information.  *See* 5 U.S.C. § 552(a).  At the same time, FOIA exempts nine

categories of information from disclosure, while providing that "[a]ny reasonably segregable

portion of a record shall be provided . . . after deletion of the portions which are exempt under

this subsection."  5 U.S.C. § 552(b).  FOIA thus "calls for broad disclosure of [g]overnment

records, while maintaining a balance between the public's right to know and the government's

legitimate interest in keeping certain information confidential."  *Associated Press v. U.S. Dep't*

*of Justice*, 549 F.3d 62, 64 (2d Cir. 2008) (citations and internal quotation marks omitted).

Summary judgment is the procedural vehicle by which most FOIA actions are resolved.

*See, e.g.*, *Grand Cent. P'ship, Inc. v. Cuomo*, 166 F.3d 473, 478 (2d Cir. 1999); *Carney v. U.S.*

*Dep't of Justice*, 19 F.3d 807, 812 (2d Cir. 1994).  Summary judgment may be granted where

"there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law."  Fed. R. Civ. P. 56(a).  "In order to prevail on a motion for summary judgment in

a FOIA case, the defendant agency has the burden of showing that its search was adequate and

that any withheld documents fall within an exemption to FOIA." *Carney*, 19 F.3d at 812. "Affidavits or declarations . . . giving reasonably detailed explanations why any withheld documents fall within an exemption are sufficient to sustain the agency's burden." *Id.* (footnote omitted); *see also Halpern v. FBI*, 181 F.3d 279, 291 (2d Cir. 1999) (same). Although this Court reviews *de novo* the agency's determination that requested information falls within a FOIA exemption, *see* 5 U.S.C. § 552(a)(4)(B); *Halpern*, 181 F.3d at 287, the declarations submitted by the agency in support of its determination are "accorded a presumption of good faith," *Carney*, 19 F.3d at 812 (citation and internal quotation marks omitted).

In support of its motion, DOJ has submitted the declarations of John E. Cunningham III, David M. Hardy, and Andrew Weissmann. The three declarations are non-conclusory, providing details regarding DOJ's search for and identification of responsive records, application of FOIA exemptions, and production of records to the ACLU, and are thus sufficient to sustain DOJ's burden under Rule 56. *See generally* Cunningham Decl.; Hardy Decl; Weissmann Decl.

## II.   DOJ Complied with Its Obligation to Search for and Produce Non-Exempt Records

In response to a FOIA request, federal agencies must conduct adequate searches for the records requested and release the non-exempt records located. *See* 5 U.S.C. § 552(a)(3); *Carney*, 19 F.3d at 812. An agency's search for records under FOIA is adequate when it is "reasonably calculated to discover the requested documents." *Grand Cent. P'ship*, 166 F.3d at 489. While the relevant question is not whether the search "actually uncovered every document extant," *id.*, in this case, DOJ's search for documents returned both memoranda sought by the ACLU, Cunningham Decl. ¶¶ 8-9. DOJ reviewed both responsive documents and released all non-exempt material to the ACLU. Cunningham Decl. ¶ 26. DOJ accordingly complied with its

obligations under FOIA, and the ACLU cannot dispute the adequacy of DOJ's search for records.  *See* 5 U.S.C. § 552(a)(3).

### III.   DOJ Has Demonstrated That the Withheld Portions of the Responsive Memoranda Are Exempt from Disclosure Under FOIA

#### A.  The Responsive Memoranda Are Attorney Work Product Exempt from Disclosure Under Exemption 5

Exemption 5 of FOIA protects "inter-agency or intra-agency memorandums or letters which would not be available by law to a party . . . in litigation with the agency."  5 U.S.C. § 552(b)(5).  "This exemption encompasses traditional discovery privileges, such as the attorney-client and work-product privileges."  *Wood v. FBI*, 432 F.3d 78, 83 (2d Cir. 2005).  "[A]gency documents which would not be obtainable by a private litigant in an action against the agency under normal discovery rules (*e.g.*, attorney-client, work-product, executive privilege) are protected from disclosure under Exemption 5 . . . ."  *Tigue v. U.S. Dep't of Justice*, 312 F.3d 70, 76 (2d Cir. 2002) (quoting *Grand Cent. P'ship*, 166 F.3d at 481).  Here, the Criminal Division determined that the Responsive Memoranda are attorney work product exempt from mandatory disclosure under Exemption 5.  Cunningham Decl. ¶ 16.

"Congress had the attorney's work-product privilege specifically in mind when it adopted Exemption 5."  *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 154-55 (1975).  The work product privilege "enables a lawyer to develop his mental impressions and legal theories without fear of having his adversaries rummage through them at leisure."  *Delaney, Migdail & Young, Chartered v. IRS*, 826 F.2d 124, 126 (D.C. Cir. 1987).  The doctrine affords protection to, *inter alia*, "memoranda prepared by an attorney in contemplation of litigation which set forth the attorney's theory of the case and his litigation strategy."  *Sears, Roebuck & Co.*, 421 U.S. at 154-

10

55.  Exemption 5 extends to work product "prepared in anticipation of foreseeable litigation, even if no specific claim is contemplated."  *Schiller v. NLRB*, 964 F.2d 1205, 1208 (D.C. Cir. 1992), *abrogated on other grounds by Milner v. Dep't of Navy*, 131 S. Ct. 1259 (2011).  Even if attorney work product could be discoverable in the ordinary civil litigation context upon a showing of "substantial need" by the requesting party, in the FOIA context documents protected under the privilege cannot be considered "'routinely' or 'normally' available to parties in litigation and hence are exempt under Exemption 5."  *Fed'l Trade Comm'n v. Grolier Inc.*, 462 U.S. 19, 27 (1983); *see also Sears, Roebuck & Co.*, 421 U.S. at 149-50 ("[I]t is not sensible to construe [FOIA] to require disclosure of any document which would be disclosed in the hypothetical litigation in which the private party's claim is the most compelling.").

Here, DOJ has demonstrated that the Responsive Memoranda are work product exempt from disclosure under Exemption 5.  Both memoranda are inter-agency records created and distributed wholly within DOJ.  Cunningham Decl. ¶¶ 16-18.  They were authored by the Chief of the Criminal Division's Appellate Section, for receipt by DOJ prosecutors.  Cunningham Decl. ¶ 16.  Both memoranda were prepared for the purpose of "analyz[ing] the possible implications of . . . *Jones* . . . on ongoing federal criminal prosecutions and investigations that could result in litigation," and thus were prepared in anticipation of litigation.  Cunningham Decl. ¶ 16.  The February Memorandum addressed the types of ongoing cases involving GPS tracking devices, and the July Memorandum addressed the types of cases involving other investigative techniques employed by DOJ.  Cunningham Decl. ¶ 16.  The Criminal Division explained that each "discuss potential legal strategies, defenses, and arguments that might be considered by federal prosecutors in light of *Jones* in each type of case discussed" and

"incorporate DOJ attorneys' opinions and impressions of *Jones* and legal analysis of potential claims." Cunningham Decl. ¶ 16. DOJ intended for the documents to be treated as confidential work product by the attorneys who received them and included a bold, capitalized header on the first page to notify recipients that each memorandum "consists of attorney work product and should not be disseminated outside the Department of Justice." Cunningham Decl. ¶ 17.

The memoranda did not have to limit discussion to specifically-named lawsuits in order to be protected as work product because Exemption 5 applies when litigation is anticipated "even if no specific claim is contemplated." *Schiller*, 964 F.2d at 1208. "[M]emoranda, such as those advising an agency of 'the types of legal challenges likely to be mounted . . ., potential defenses available to the agency and the likely outcome' are FOIA exempt" as work product. *Lawyers Comm. for Human Rights v. Immigration & Naturalization Serv.*, 721 F. Supp. 552, 562 (S.D.N.Y. 1989) (*quoting Delaney*, 826 F.2d at 127). Indeed, in a recent FOIA case similar to this one, the United States District Court for the District of Columbia concluded that the work product privilege protects "internal presentations and discussions among DOJ attorneys that analyze the legal precedents and statutes applicable to the various methods of obtaining evidence from cell phones . . . and from phone carriers." *Soghoian v. U.S. Dep't of Justice*, 885 F. Supp. 2d 62, 2012 WL 3090309, at *7 (D.D.C. July 31, 2012). In *Soghoian*, the court reasoned that "the legal strategies and issues addressed in the withheld documents are protected because they relate to foreseeable litigation arising out of the government's criminal investigations" and determined that the "documents are covered by the attorney work product privilege because they present the legal strategies of the DOJ attorneys who will be required to litigate on behalf of the government." *Id.*

12

Espousing a similar rationale, in *Delaney*, the Court of Appeals for the District of Columbia affirmed the withholding of two memoranda prepared by IRS attorneys "analyzing the legal ramifications" of a new system the IRS adopted, and advising of likely legal challenges and the IRS's potential defenses.  *Delaney*, 826 F.2d at 126-27.  The court concluded that attorney work product was the appropriate privilege to assert because disclosing the memoranda would allow a plaintiff to obtain "the agency's assessment of the program's legal vulnerabilities in order to make sure it does not miss anything in crafting its legal case against the program."  *Id.* *See also Martin v. Dep't of Justice*, 488 F.3d 446, 455-56 (D.C. Cir. 2007) (holding that a "memo contain[ing] extensive legal analyses of potential claims available to the FDIC concerning fraudulent loans" was properly withheld as work product pursuant to Exemption 5).

The concerns raised in *Soghoian* and *Delaney* are precisely the considerations that make the attorney work product privilege applicable here.  DOJ appropriately concluded that because "the memoranda identify specific techniques used in ongoing investigations and legal strategies that might be employed in the cases involving such techniques" then "the release of these memoranda would fairly be expected to adversely affect DOJ's handling of pending and impending litigation."  Cunningham Decl. ¶ 16.  If the Responsive Memoranda were publicly disclosed, adversaries in criminal cases would have access to DOJ prosecutors' legal theories and arguments regarding the use of GPS tracking devices and other particular investigative techniques that they could then "rummage through . . . at leisure."  *Delaney*, 826 F.2d at 126.

The remarks made by the FBI's General Counsel at a law review event acknowledging DOJ's intention to prepare the Responsive Memoranda did not waive the attorney work product privilege that exempts the memoranda from disclosure under FOIA.  *See* Weissmann Decl. ¶¶ 6-

13

7; Cunningham Decl. ¶ 18.  While work product protections can be waived "when protected

materials are disclosed in a manner which is either inconsistent with maintaining secrecy against

opponents or substantially increases the opportunity for a potential adversary to obtain the

protected information," *Ricoh Co., Ltd. v. Aeroflex Inc.*, 219 F.R.D. 66, 70 (S.D.N.Y. 2003)

(citation and quotation marks omitted), here, there was no such disclosure, *see* Weissmann Decl.

¶¶ 6-7; Cunningham Decl. ¶ 18.  Weissmann disclosed neither the memoranda nor their specific

contents.  Weissmann Decl. ¶ 7; Cunningham Decl ¶ 18.  His general description of the

anticipated topics of the two memoranda did not reveal any analysis that would ultimately be

included in the February Memorandum or the July Memorandum.  Weissmann Decl. ¶ 7;

Cunningham Decl ¶ 18.  Further, his description emphasized that the memoranda were being

prepared in anticipation of litigation.  *See* Cunningham Decl ¶ 18 (quoting Weissmann's

statements that the memoranda would address "what kind of arguments can you make if there are

challenges . . . as to the application of that decision to ongoing cases" and "issues of . . . how

likely do we think that the court will be doing that" versus the interest in "taking that risk").

   In the context of FOIA, the Second Circuit affirmed the withholding of a memorandum

on the basis of the work product privilege even though the memorandum was referenced in a

public interview.  *Wood*, 432 F.3d at 84.  The district court explained that the privilege had not

been waived when the contents of the document at issue had been communicated to an FBI agent

who then discussed them "in a press interview."  *Wood v. FBI*, 312 F. Supp. 2d 328, 344 (D.

Conn. 2004), *aff'd in part and rev'd in part*, 432 F.3d 78 (2d Cir. 2005).  The district court

concluded that despite the agent's statements to the press, he "never expressly referenced the

memo at issue, and did not provide any specific information from the memo," so "under the

circumstances of this case . . . there was no waiver of the work product privilege." *Wood*, 312 F. Supp. 2d at 344-45.  Here, too, Weissmann's references to the general subjects of memoranda being prepared by DOJ did not provide specific information and did not diminish the protections afforded by the work product privilege.  Weissmann Decl. ¶¶ 6-7; Cunningham Decl. ¶ 18.  Mere public mention of privileged material does not destroy the privilege.  *See Delaney*, 826 F.2d at 126 n.2 ("It is clear . . . that the IRS's reference to the legal memoranda in the Audit Manual did not waive the work product exemption . . . .").

Because the Criminal Division properly determined that the Responsive Memoranda were attorney work product, it was not required to segregate any factual material therein because "[b]oth deliberative and factual materials are protected by the attorney work product doctrine." *Williams v. McCausland*, No. 90 Civ. 7563 (RWS), 1994 WL 18510, at *9 (S.D.N.Y. Jan. 18, 1994) (citing *Martin v. Office of Special Counsel, Merit Sys. Protection Bd.*, 819 F.2d 1181, 1187 (D.C. Cir. 1987); *United Tech. Corp. v. NLRB*, 632 F. Supp. 776, 781 (D. Conn.), *aff'd*, 777 F.2d 90 (2d Cir. 1985)); *see also Judicial Watch, Inc. v. Dep't of Justice*, 432 F.3d 366, 371 (D.C. Cir. 2005) ("[F]actual material is itself privileged when it appears within documents that are attorney work product.  If a document is fully protected as work product, then segregability is not required.").  Nevertheless, the Criminal Division did review the memoranda for segregability and chose to make a discretionary disclosure of certain material in each.  Cunningham Decl. ¶ 19.

The February Memorandum and July Memorandum are exempt from disclosure as attorney work product, and the Criminal Division properly withheld the information contained therein pursuant to Exemption 5.  Accordingly, DOJ is entitled to summary judgment in its favor.

**B.  The Responsive Memoranda Contain Information Concerning Law Enforcement Techniques and Guidelines Exempt from Disclosure Under Exemption 7(E)**

Exemption 7(E) exempts from disclosure "records or information compiled for law enforcement purposes, but only to the extent that production of such law enforcement records or information . . . [1] would disclose techniques and procedures for law enforcement investigations or prosecutions, or [2] would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E).

The first clause of Exemption 7(E) provides categorical protection to information that "would disclose techniques and procedures for law enforcement investigations or prosecutions," without requiring any showing of harm as a result of disclosure.  5 U.S.C. § 552(b)(7)(E). "[T]he qualifying phrase ('if such disclosure could reasonably be expected to risk circumvention of the law') modifies only 'guidelines' and not 'techniques and procedures.'"  *Allard K. Lowenstein Int'l Human Rights Project v. Dep't of Homeland Sec.*, 626 F.3d 678, 681 (2d Cir. 2010); *see also Judicial Watch, Inc. v. U.S. Dep't of Commerce*, 337 F. Supp. 2d 146, 181 (D.D.C. 2004) (first clause of Exemption 7(E) provides "categorical protection" for law enforcement techniques and procedures).  While the first clause of this exemption is generally limited to techniques or procedures that are not well-known to the public, "[t]here is no principle . . . that requires an agency to release all details concerning . . . techniques simply because some aspects of them are known to the public."  *Barnard v. Dep't of Homeland Sec.*, 598 F. Supp. 2d 1, 23 (D.D.C. 2009).

The second clause of Exemption 7(E) protects "guidelines for law enforcement investigations or prosecutions if [their] disclosure could reasonably be expected to risk

16

circumvention of the law." 5 U.S.C. § 552(b)(7)(E); *see Allard K. Lowenstein Int'l Human Rights Project*, 626 F.3d at 681.

The Criminal Division properly withheld material from the Responsive Memoranda because the material was compiled for law enforcement purposes and would reveal techniques or procedures for law enforcement investigations or prosecutions, and law enforcement guidelines the disclosure of which could reasonably be expected to risk circumvention of the law.

### 1.    The Responsive Memoranda Were Compiled for Law Enforcement Purposes

The February Memorandum and July Memorandum meet Exemption 7's threshold requirement of being "compiled for law enforcement purposes." 5 U.S.C. § 552(b)(7). Both memoranda were compiled "to address the possible implications of *Jones* on ongoing federal criminal prosecutions and investigations that are within the authority of DOJ to conduct and to aid federal law enforcement personnel in conducting such prosecutions and investigations." Cunningham Decl. ¶ 21. The memoranda were not compiled for any purpose unrelated to law enforcement. *See* Cunningham Decl. ¶¶ 16, 21. In *Soghoian*, where the plaintiff requested, *inter alia*, "advice and guidance given by DOJ attorneys" regarding electronic surveillance "in the course of active criminal investigations," it was undisputed that the records were compiled for law enforcement purposes under Exemption 7. 2012 WL 3090309, at *9-10. Here, the requested documents likewise satisfy the threshold condition for withholding under Exemption 7.

### 2.    Producing the Responsive Memoranda in Full Would Disclose Techniques and Procedures for Law Enforcement Investigations or Prosecutions

The Criminal Division withheld material from the Responsive Memoranda pursuant to Exemption 7(E) because each revealed specific law enforcement techniques and procedures. Cunningham Decl. ¶¶ 24-25. The February Memorandum discussed "the ways in which GPS

tracking devices are employed in federal criminal investigations," and the July Memorandum discussed "the ways in which investigative techniques apart from GPS tracking devices are employed in federal criminal investigations."  Cunningham Decl. ¶¶ 24-25.

The details of the memoranda would disclose specific DOJ techniques and procedures for employing GPS tracking devices and other investigative techniques in the course of investigating and prosecuting criminal misconduct.  *See* Cunningham Decl. ¶¶ 24-25.  While certain aspects of the government's law enforcement techniques, including the use of GPS tracking devices, may be known outside of the government, the Responsive Memoranda disclose the ways in which they are used in federal investigations, include guidelines that "are not publicly known," and could provide information that would allow individuals to evade the law, thus decreasing the techniques' effectiveness.  Cunningham Decl. ¶¶ 24-25.  Under the first clause of Exemption 7(E), DOJ is not required to "release all details concerning . . . techniques simply because some aspects of them are known to the public," *Barnard*, 598 F. Supp. 2d at 23, and "even commonly known procedures may be protected from disclosure if the disclosure could reduce or nullify their effectiveness," *Am. Immigration Lawyers Ass'n v. U.S. Dep't of Homeland Sec.*, 852 F. Supp. 2d 66, 78 (D.D.C. 2012).  In *New York Civil Liberties Union v. Department of Homeland Security*, for example, the Court held that information regarding surveillance cameras and license plate readers was properly withheld under Exemption 7(E) because "although it is publicly known that [law enforcement] uses cameras and license plate readers, the specific locations of those devices are unknown, and their disclosure could unquestionably aid criminals in evading detection."  771 F. Supp. 2d 289, 292 (S.D.N.Y. 2011).  In *Soghoian*, despite plaintiff's argument that electronic surveillance techniques are generally known to the public, the court

concluded that advice regarding how surveillance techniques are employed is exempt from

disclosure pursuant to Exemption 7(E).  2012 WL 3090309, at *9-10.  *See also Boyd v. Bureau*

*of Alcohol, Tobacco & Firearms*, 570 F. Supp. 2d 156, 159 (D.D.C. 2008) (although monitoring

techniques are generally known, information that would disclose the "manner and method" of

installing monitoring equipment is protected by Exemption 7(E)); *Carbe v. Bureau of Alcohol,*

*Tobacco & Firearms*, No. Civ. A. 03-1658 (RMC), 2004 WL 2051359, at *11 (D.D.C. Aug. 12,

2004) ("disclosing sources of electronic surveillance" and information "which might reveal the

nature of electronic equipment and the sequence of its uses[] is protected from release by

Exemption7(E)").

     Because the material withheld from the Responsive Memoranda would disclose law

enforcement techniques and the ways and circumstances in which they are employed, the

material is categorically exempt from disclosure under the first clause of Exemption 7(E).

     **3.**     **Producing the Responsive Memoranda in Full Would Disclose Law**
              **Enforcement Guidelines the Disclosure of Which Could Reasonably Be**
              **Expected to Risk Circumvention of the Law**

     The Criminal Division has demonstrated that the February Memorandum and the July

Memorandum contained guidelines related to law enforcement investigations and prosecutions

that are not publicly known and that would be reasonably likely to risk circumvention of the law

if publicly disclosed.  Cunningham Decl. ¶¶ 24-25.  The memoranda discussed the use of GPS

tracking devices and other investigative techniques in the course of DOJ's criminal

investigations.  Cunningham Decl. ¶¶ 24-25.  They discussed the circumstances in which such

techniques might be employed and the legal implications DOJ prosecutors should consider

regarding the use of such techniques.  Cunningham Decl. ¶¶ 24-25.  By extension, the contents

of the memoranda could also suggest the circumstances in which certain investigative techniques are not used in DOJ investigations.

The Criminal Division properly determined that material from the Responsive Memoranda should be withheld under the second clause of Exemption 7(E) because disclosure "could provide individuals with information that would allow them to violate the law while evading detection by federal law enforcement."  Cunningham Decl. ¶¶ 24-25.  Details about what particular techniques are available to DOJ prosecutors and investigators, when and how DOJ does—or does not—employ certain investigative techniques, and what legal considerations could impact the types of techniques used could potentially provide guidance to criminals in how to conceal their activity and would thwart DOJ's law enforcement efforts.  "Knowing what information is collected, how it is collected, and more importantly, when it is *not* collected, is information that law enforcement might reasonably expect to lead would-be offenders to evade detection."  *Soghoian*, 2012 WL 3090309, at *10 (emphasis in original); *see also Morley v. CIA*, 508 F.3d 1108, 1129 (D.C. Cir. 2007) (information regarding CIA's security clearance procedures "could render those procedures vulnerable and weaken their effectiveness at uncovering background information on potential candidates"); *Kurdyukov v. U.S. Coast Guard*, 657 F. Supp. 2d 248, 257-58 (D.D.C. 2009) (specific information concerning surveillance methods properly withheld under Exemption 7(E)); *Lewis-Bey v. U.S. Dep't of Justice*, 595 F. Supp. 2d 120, 138 (D.D.C. 2009) (withholding proper under Exemption 7(E) where disclosing "details of electronic surveillance techniques" would "illustrate the agency's strategy in implementing these specific techniques" and "could lead to decreased effectiveness in future investigations by allowing potential subjects to anticipate . . . and identify such techniques as

20

they are being employed"); *Butler v. Dep't of the Treasury*, No. 95-1931 (GK), 1997 WL 138720, at *4 (D.D.C. Jan. 14, 1997) (withholding proper under Exemption 7(E) were defendant asserted that disclosing techniques used in monitoring would allow future targets to avoid monitoring).

Because disclosure of guidelines concerning DOJ's investigative techniques in the Responsive Memoranda "could reasonably be expected to risk circumvention of the law," DOJ properly withheld this information under the second clause of Exemption 7(E).  The Criminal Division reviewed both memoranda for segregability, identified the portions not exempt from disclosure under Exemption 7(E) that could be reasonably segregated from the exempt portions, and determined that those portions would be released to the ACLU.  Cunningham Decl. ¶¶ 24-25.  Accordingly, all reasonably segregable, non-exempt information from the Responsive Memoranda was released to the ACLU.  Cunningham Decl. ¶ 26.

**CONCLUSION**

For the foregoing reasons, the United States Department of Justice respectfully requests

that the Court grant its motion for summary judgment under Federal Rule of Civil Procedure 56.

Dated:   New York, New York
         March 1, 2013

                                              Respectfully submitted,

                                              PREET BHARARA
                                              United States Attorney for the
                                              Southern District of New York
                                              *Attorney for Defendant*

By:      /s/ Carina H. Schoenberger
                                              CARINA H. SCHOENBERGER
                                              Assistant United States Attorney
                                              86 Chambers Street, Third Floor
                                              New York, New York  10007
                                              Telephone: (212) 637-2822
                                              Facsimile: (212) 637-2702
                                              Email:  carina.schoenberger@usdoj.gov