IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION,<br><br>            Plaintiff,<br><br>   v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>            Defendant. | No. 12 Civ. 7412 (WHP)<br><br>ECF Case |

## DECLARATION OF ANDREW WEISSMANN

I, Andrew Weissmann, declare as follows:

1. I am the General Counsel of the Federal Bureau of Investigation ("FBI"), and have held this position since October 2011. Prior to assuming my current position, I spent five and a half years in private practice as a partner at the law firm of Jenner & Block, LLP in New York, New York. Before that, I served as Director of the United States Department of Justice's ("DOJ") Enron Task Force in Washington, D.C. I was also a federal prosecutor for fifteen years in the Eastern District of New York, where I served as the deputy chief and then chief of the criminal division. I hold a Juris Doctor degree from Columbia Law School, and a Bachelor of Arts degree from Princeton University.

2. This declaration supplements the declaration of David M. Hardy, Section Chief of the Record/Information Management Section ("RIDS") of the FBI's Records Management Division, and supports defendant the United States Department of Justice's motion for summary judgment in this case.

3. The statements contained in this declaration are based upon my personal knowledge and upon information provided to me in my official capacity.

4. In or about August 2012, I was advised that the FBI had received a Freedom of Information Act ("FOIA") request from the American Civil Liberties Union ("ACLU") seeking access to two FBI memoranda that set forth the FBI's guidance regarding the Supreme Court's decision in *United States v. Jones*. In its request, the ACLU further explained that it specifically sought the two memoranda to which I referred during a panel presentation at the 2012 San Francisco Law Review Symposium on February 24, 2012.

5. On February 24, 2012, in my personal capacity, I participated in a panel discussion as part of the 2012 University of San Francisco Law Review Symposium entitled "Big Brother in the 21st Century? Reforming the Electronic Communications Privacy Act." I was not speaking on behalf of the FBI or DOJ when I participated in the panel discussion. To make this clear to the audience, I prefaced my comments by stating that they did not reflect the views of the Department of Justice.

6. During the panel discussion, I discussed the Supreme Court's recent decision in *United States v. Jones*, which addressed the use of a global positioning system ("GPS") tracking device by law enforcement. I was asked about DOJ's positions and strategy in the wake of the *Jones* decision, and in response, I mentioned that two prospective memoranda were being prepared regarding the decision.

7. I did not discuss the specific contents of either of the two memoranda.

8. The two memoranda to which I referred during my remarks were to be issued by DOJ's Criminal Division (the "Criminal Division"), and not by the FBI. At the symposium, I stated that the first memorandum "is probably going to go out either today or Monday [February

27, 2012]." The Criminal Division in fact issued the first memorandum on February 27, 2012. I did not state when the second memorandum would be issued, but the Criminal Division ultimately issued it on July 5, 2012. These are the two memoranda that I understand were released in part to the ACLU in response to its FOIA request.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 1st day of March, 2013 in Washington, D.C.

ANDREW WEISSMANN
General Counsel
Office of the General Counsel
Federal Bureau of Investigation
Washington, D.C.

3