UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION,

               Plaintiff,

          v.

UNITED STATES DEPARTMENT OF JUSTICE,
including its component the Federal Bureau of
Investigation,

               Defendant.

------------------------------------------------------------x

12 Civ. 7412 (WHP)

ECF Case

# SUR-REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT

PREET BHARARA
United States Attorney for the
Southern District of New York
By: CARINA H. SCHOENBERGER
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Tel.: (212) 637-2822
Fax: (212) 637-2702
carina.schoenberger@usdoj.gov

## TABLE OF CONTENTS

**PRELIMINARY STATEMENT** .................................................................................................1

**ARGUMENT** ................................................................................................................................1

POINT I　　The Responsive Memoranda Are Attorney Work Product Exempt
　　　　　　from Disclosure Under Exemption 5 ............................................................1

　　　A.　　DOJ's Declarations Demonstrate That DOJ Prepared the Responsive
　　　　　　Memoranda in Anticipation of Litigation.......................................................1

　　　B.　　DOJ's Declarations Demonstrate That the Responsive Memoranda
　　　　　　Are Not DOJ's "Working Law" ......................................................................5

POINT II　　DOJ Has Demonstrated That the Responsive Memoranda Contain
　　　　　　Information Exempt from Disclosure Under Exemption 7(E) ....................8

POINT III　　*In Camera* Review Is Not Necessary to Decide the Pending Motions ........9

**CONCLUSION** ..........................................................................................................................10

## TABLE OF AUTHORITIES

**CASES**                                                                  **PAGE**

*A. Michael's Piano, Inc. v. FTC*,
    18 F.3d 138 (2d Cir. 1994)..................................................................................1

*Associated Press v. DOJ*,
    549 F.3d 62 (2d Cir. 2008)................................................................................9, 10

*Brennan Ctr. for Justice at N.Y.U. School of Law v. DOJ*,
    697 F.3d 184 (2d Cir. 2012)..................................................................................5

*Carney v. DOJ*,
    19 F.3d 807 (2d Cir. 1994)....................................................................................5

*Coastal States Gas Corp. v. Dep't of Energy*,
    617 F.2d 854 (D.C. Cir. 1980) .........................................................................3, 4

*FTC v. Grolier Inc.*,
    462 U.S. 19 (1983).................................................................................................4

*Grand Central P'ship, Inc. v. Cuomo*,
    166 F.3d 473 (2d Cir. 1999)..............................................................................5, 8

*Lewis-Bey v. DOJ*,
    595 F. Supp. 2d 120 (D.D.C. 2009) ................................................................. 8-9

*Media Research Ctr. v. DOJ*,
    818 F. Supp. 2d 131 (D.D.C. 2011) ......................................................................4

*Milner v. Dep't of Navy*,
    131 S. Ct. 1259 (2011).........................................................................................9

*NLRB v. Sears, Roebuck & Co.*,
    421 U.S. 132 (1975).........................................................................................4, 6

*Natural Res. Def. Council, Inc. v. EPA*,
    581 F. Supp. 2d 491 (S.D.N.Y. 2008)....................................................................3

*People for the Am. Way Found. v. Nat'l Park Serv.*,
    503 F. Supp. 2d 284 (D.D.C. 2007)................................................................9, 10

*In re Sealed Case*,
    146 F.3d 881 (D.C. Cir. 1998) .............................................................................4

*Soghoian v. DOJ*,
  885 F. Supp. 2d 62 (D.D.C. 2012) ................................................................................... 4, 8

*United States v. Adlman*,
  68 F.3d 1495 (2d Cir. 1995) ................................................................................................ 3

*United States v. Adlman*,
  134 F.3d 1194 (2d Cir. 1998) ........................................................................................... 1, 3

**STATUTES**

5 U.S.C. § 552 ............................................................................................................... *passim*

DOJ respectfully submits this sur-reply memorandum of law in support of its motion for summary judgment and in opposition to the ACLU's cross-motion for summary judgment.[1]

## PRELIMINARY STATEMENT

The Responsive Memoranda are privileged attorney work product that contain protected law enforcement information.  Accordingly, DOJ appropriately relied on Exemptions 5 and 7(E) in withholding information in the memoranda from public disclosure.  The ACLU has not shown otherwise.  The four declarations that DOJ has submitted in support of its motion create a sufficiently detailed record on which to adjudicate the pending motions, and *in camera* review of the Responsive Memoranda is not necessary in order to deny the ACLU's cross-motion for summary judgment and grant summary judgment in DOJ's favor.

## ARGUMENT

I. **The Responsive Memoranda Are Attorney Work Product Exempt from Disclosure Under Exemption 5**

   A. **DOJ's Declarations Demonstrate That DOJ Prepared the Responsive Memoranda in Anticipation of Litigation**

The First and Second Cunningham Declarations (together, the "DOJ Declarations") articulate facts demonstrating that DOJ prepared the Responsive Memoranda "*because of* the prospect of litigation" and thus that the memoranda constitute attorney work product under the law of the Second Circuit.  *United States v. Adlman*, 134 F.3d 1194, 1202 (2d Cir. 1998) (emphasis in original); *see also A. Michael's Piano, Inc. v. FTC*, 18 F.3d 138, 146 (2d Cir. 1994).

---

[1] Capitalized terms not otherwise defined herein have the meanings provided in the memoranda of law previously submitted by DOJ in the above-captioned matter.  *See* Docket No. 9; Docket No. 16.

Specifically, the declarations establish that the Responsive Memoranda *inter alia*: were authored by DOJ attorneys, First Cunningham Decl. ¶ 16; were directed to federal prosecutors to aid in analyzing the implications of the Supreme Court's decision in *Jones* on ongoing federal litigation involving certain types of specified investigative techniques, including GPS tracking devices, and investigations that could result in such litigation, *id.*, Second Cunningham Decl. ¶ 6; outline possible arguments or litigation risks that prosecutors could encounter in the context of motions to exclude or suppress evidence in cases involving GPS tracking devices or other investigative techniques, Second Cunningham Decl. ¶ 5; discuss potential legal strategies or defenses that might be considered by federal prosecutors to address legal arguments that may have arisen in their cases or could arise in the future, First Cunningham Decl. ¶ 16, Second Cunningham Decl. ¶ 6; assess the strengths and weaknesses of alternative litigating positions in such cases, Second Cunningham Decl. ¶ 5; incorporate the opinions, impressions, and analyses of DOJ attorneys regarding *Jones*, First Cunningham Decl. ¶ 16; and contain legal strategies the release of which would fairly be expected to adversely affect DOJ's handling of pending and impending litigation, *id.*  The unredacted portions of the Responsive Memoranda demonstrate that they were intended to be treated as confidential work product not to be distributed outside of DOJ.  First Cunningham Decl. ¶ 16, Exh. D & E (boldfaced headings state that each memorandum "consists of attorney work product and should not be disseminated outside the Department of Justice").

The ACLU's argument that the DOJ Declarations are too vague to make a determination regarding the exempt status of the Responsive Memoranda is contradicted by the substance of the declarations.  *See* Reply Memorandum in Support of Plaintiff's Cross-Motion for Summary Judgment, Docket No. 18 ("ACLU Reply Br."), 4.  The facts in the declarations allow the Court

2

to conclude that the Responsive Memoranda are attorney work product properly redacted under Exemption 5 because they show that DOJ attorneys created the Responsive Memoranda because of ongoing and anticipated litigation in cases involving GPS tracking devices and other investigative techniques that may be impacted by *Jones*.  *See Adlman*, 134 F.3d at 1202.  "[N]o rule . . . bars application of work product protection to documents created prior to the event giving rise to litigation," *United States v. Adlman*, 68 F.3d 1495, 1501 (2d Cir. 1995), and indeed, the Responsive Memoranda would qualify for work product protection even if they were not created "primarily or exclusively to assist in litigation," *Adlman*, 134 F.3d at 1198.  Because Exemption 5 protects memoranda "which would not be available by law to a party . . . in litigation with the agency," 5 U.S.C. § 552(b)(5), FOIA does not require DOJ to disclose its "assessment of its strengths and weakness . . . to litigation adversaries," *Adlman*, 134 F.3d at 1200.

      The ACLU persists in asserting that the "specific claim" standard for attorney work product set forth by the D.C. Circuit in *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854 (D.C. Cir. 1980), should govern this case, but provides no authority for why this Court should look outside the law of this Circuit to determine the contours of the attorney work product privilege.  It has been noted that the "Second Circuit has evidenced a willingness to look to the law of other circuits—particularly the D.C. Circuit—in the area of FOIA," *Natural Res. Def. Council, Inc. v. EPA*, 581 F. Supp. 2d 491, 497 n.7 (S.D.N.Y. 2008), but such a willingness by no means suggests that the law of the D.C. Circuit overrides the law of the Second Circuit in FOIA cases, particularly regarding matters as well-established as the attorney work product privilege.  Nor has the ACLU pointed to any law indicating that the standards for attorney work

3

product protection in other types of civil litigation differ in the FOIA context.[2]  Moreover, the D.C. Circuit has itself questioned the vitality of the "specific claim" language from the *Coastal States* opinion, *see In re Sealed Case*, 146 F.3d 881, 885 (D.C. Cir. 1998), and district courts within the D.C. Circuit have not applied it in FOIA cases that are factually similar to this one, *see, e.g.*, *Soghoian v. DOJ*, 885 F. Supp. 2d 62, 72 (D.D.C. 2012) (work product privilege protects documents prepared by DOJ attorneys that address "the legal strategies and issues" that "relate to foreseeable litigation arising out of the government's criminal investigations"); *Media Research Ctr. v. DOJ*, 818 F. Supp. 2d 131, 141 (D.D.C. 2011) (work product privilege protects DOJ documents that "discussed legal defense of the forthcoming health care legislation in response to an anticipated court challenge").

   Nevertheless, the Responsive Memoranda would be exempt from disclosure even under the "specific claim" language of *Coastal States*.  The Responsive Memoranda pertain to specific types of existing and prospective claims.  First Cunningham Decl. ¶ 16; Second Cunningham Decl. ¶ 6.  They are not "question and answer guidelines which might be found in an agency manual" or "neutral, objective analyses of agency regulations" of the type addressed in *Coastal States*.  *Coastal States*, 617 F.2d at 863; *see* Second Cunningham Decl. ¶¶ 13-14 ("Throughout both Memoranda, the author acknowledges that the facts and considerations of each case will require prosecutors to make their own case-specific judgments about what arguments and practices to use. . . . The Memoranda do not set forth, analyze, or interpret DOJ regulations, rules, or policies.").  Accordingly, the Responsive Memoranda constitute attorney work product

---

[2]  The scope of the protection, however, is somewhat more expansive under FOIA.  Exemption 5 does not contemplate disclosure of records protected by the work product privilege upon the showing of "substantial need" by the requesting party as in other litigation contexts.  *FTC v. Grolier Inc.*, 462 U.S. 19, 27-28 (1983); *see also NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 149-50 (1975).

under the law of either the Second Circuit or the D.C. Circuit, and Exemption 5 exempts them from disclosure.

### B. DOJ's Declarations Demonstrate That the Responsive Memoranda Are Not DOJ's "Working Law"

As described more fully in DOJ's Memorandum of Law in Further Support of Defendant's Motion for Summary Judgment, the DOJ Declarations demonstrate that the Responsive Memoranda are not DOJ's working law. Docket No. 16, 7-9. These declarations are "accorded a presumption of good faith." *Carney v. DOJ*, 19 F.3d 807, 812 (2d Cir. 1994) (quotation marks and citation omitted). Because the ACLU has not shown any "contradictory evidence in the record or . . . evidence of agency bad faith," it has not rebutted that presumption. *Grand Cent. P'ship, Inc. v. Cuomo*, 166 F.3d 473, 478 (2d Cir. 1999) (quotation marks and citation omitted).

The DOJ Declarations make clear that DOJ prepared the Responsive Memoranda as litigation aids for federal prosecutors. First Cunningham Decl. ¶ 16; Second Cunningham Decl. ¶¶ 5-6, 12. The ACLU incorrectly characterizes this as an "alternative[] conten[tion]" for showing that the memoranda are not "working law." ACLU Reply Br. 6. In fact, this is the central rationale for understanding why it is not appropriate to make a "working law" exception to Exemption 5 in this case. Courts developed the "working law" exception to Exemption 5 to prevent the nondisclosure of the types of records described in 5 U.S.C. § 552(a)(2), *i.e.*, final agency opinions, statements of policy and interpretations adopted by the agency, and administrative manuals and instructions that affect a member of the public. *Brennan Ctr. for Justice at N.Y.U. School of Law v. DOJ*, 697 F.3d 184, 201-02 (2d Cir. 2012). Records that present non-mandatory positions that a government attorney could elect to take in the course of litigation, such as the Responsive Memoranda, do not fall within Section 552(a)(2) of FOIA

5

because they do not constitute final opinions, adopted policies, or administrative instructions affecting the public. *See Sears, Roebuck & Co.*, 421 U.S. at 159-60. Final decisions, if any, will ultimately be made through the adversarial process, not by the agency. *See id.* at 160 ("[T]he 'law' with respect to these cases will ultimately be made not by the General Counsel but by the Board or the courts."); *see also* Second Cunningham Decl. ¶ 14 ("The Memoranda do not set forth, analyze, or interpret DOJ regulations, rules, or policies. The Memoranda do not contain reasoning or conclusions that have been adopted as official DOJ policy or opinions and do not provide any official interpretation of DOJ's Fourth Amendment obligations."). It is irrelevant to this analysis whether every argument that could possibly be gleaned from the Responsive Memoranda will ultimately be tried in court; the basic reasoning that underpins the creation of the "working law" exception is simply absent here, and the Responsive Memoranda are not removed from the protections of Exemption 5.

Moreover, the ACLU's attempt to identify contradictory record evidence fails. *See* ACLU Reply Br. 5-6. First, there are no discrepancies in the DOJ Declarations. DOJ "intended for the memoranda to be used as an aid for federal prosecutors in their current and future litigations," First Cunningham Decl. ¶ 16, and in furtherance of that goal, the memoranda "describe the general facts" common to "cases in which GPS tracking devices and the investigative techniques in the July Memorandum have been or may be employed," Second Cunningham Decl. ¶ 6. Accordingly, throughout the memoranda "discussions of potential legal strategies . . . are intertwined with facts regarding those techniques." *Id.* ¶ 10. This is entirely consistent with the acknowledgment that the Responsive Memoranda reflect "specific techniques" and "circumstances in which such techniques might be employed" and thus

6

"describe[] . . . guidelines for law enforcement investigations and prosecutions . . . ."  First Cunningham Decl. ¶ 24.

Second, the DOJ Declarations do not conflict with comments made by the FBI's General Counsel at a law school panel discussion.  Mr. Weissmann's remarks about the use of GPS tracking devices and other investigative techniques as discussed in the Responsive Memoranda were framed in terms of "what kind of arguments can you make if there are challenges" and "how likely do we think that the court will be doing that in the future."  First Cunningham Decl. ¶ 18.  Moreover, his informal response to an audience question did not discuss the specific contents of the Responsive Memoranda, and his comments were prefaced "by stating that they did not reflect the views of the Department of Justice."  Weissmann Decl. ¶¶ 5-7.

Finally, the Responsive Memoranda "do not require DOJ attorneys to make any particular arguments or follow any particular course of conduct."  Second Cunningham Decl. ¶ 13.  The fact that the ACLU has identified an apparent reference to the Responsive Memoranda in a Government brief does nothing to undermine this statement.  ACLU Reply Br. 5.  Decisions about employing any suggestions in the Responsive Memoranda "are left to the discretion of the prosecutor."  Second Cunningham Decl. ¶ 13.  While the ACLU suggests that the Government's "significant change to its litigating position" in that case "demonstrates the considerable authority" of the Responsive Memoranda, it is perhaps more likely that the Supreme Court decision in *Jones* presents a more "considerable authority."  *See* ACLU Reply Br. 6 n.3.

The facts contained in DOJ's declarations and the unredacted portions of the Responsive Memoranda fully support the application of Exemption 5, and the good faith of the declarations has not been rebutted.

## II.  DOJ Has Demonstrated That the Responsive Memoranda Contain Information Exempt from Disclosure Under Exemption 7(E)

ACLU's argument that the DOJ Declarations are "too general and conclusory" to support the application of Exemption 7(E) is itself conclusory and does not address the information contained in the declarations. The DOJ Declarations contain "reasonable specificity of detail" and establish that information in the Responsive Memoranda was properly redacted under Exemption 7(E). *Grand Cent. P'ship*, 166 F.3d at 478 (quotation marks and citation omitted).

As described in the DOJ Declarations, the Responsive Memoranda are properly redacted pursuant to the first clause of Exemption 7(E) because they disclose techniques and procedures related to GPS tracking devices and approximately a dozen additional investigative techniques, discuss details of where, when, how, and under what circumstances such techniques are used, and disclose the entities with whom federal investigators may coordinate to employ certain techniques. Second Cunningham Decl. ¶ 8.

The ACLU appears to focus only on the propriety of redacting the Responsive Memoranda pursuant to the second clause of Exemption 7(E), *see* ACLU Reply Br. 8, which contains the additional requirement that withheld information "could reasonably be expected to risk circumvention of the law," 5 U.S.C. § 552(b)(7)(E). Here too, though, DOJ has satisfied its burden by demonstrating that access to the information in the Responsive Memoranda would allow wrongdoers to conform their activities to times, places, and situations where they know that unlawful conduct will not be detected. Second Cunningham Decl. ¶ 9. This type of information has regularly been found to be exempt under the second clause of Exemption 7(E). *See, e.g.*, *Soghoian*, 885 F. Supp. 2d at 85 ("Knowing what information is collected, how it is collected, and more importantly, when it is *not* collected, is information that law enforcement might reasonably expect to lead would-be offenders to evade detection."); *Lewis-Bey v. DOJ*,

8

595 F. Supp. 2d 120, 138 (D.D.C. 2009) (withholding proper under Exemption 7(E) where disclosing details of electronic surveillance techniques "could lead to decreased effectiveness in future investigations by allowing potential subjects to anticipate . . . and identify such techniques as they are being employed") (quotation marks and citation omitted).

The ACLU has also failed to identify the basis for creating a "working law" exception to Exemption 7(E).  ACLU Reply Br. 8-9.  While a working law exception has been applied to the now-abrogated "High 2" exemption, High 2 did not provide protections identical to those under Exemption 7(E).  Overlap existed, but the Supreme Court acknowledged that High 2 covered a "wider set of records" than Exemption 7(E).  *Milner v. Dep't of Navy*, 131 S. Ct. 1259, 1268 (2011).  In any event, the Court need not reach this question because, as discussed in Section I.B., the Responsive Memoranda are not DOJ's "working law."

### III.  *In Camera* Review Is Not Necessary to Decide the Pending Motions

Courts may, at their discretion, examine requested documents *in camera* to determine whether they are properly withheld pursuant to FOIA's exemptions.  5 U.S.C. § 552(a)(4)(B).  Such an undertaking is not required, however, and "[o]nly if the government's affidavits make it effectively impossible for the court to conduct *de novo* review . . . is *in camera* review necessary."  *Associated Press v. DOJ*, 549 F.3d 62, 67 (2d Cir. 2008).  Here, *in camera* review is not necessary.  As described above, the reasonably detailed declarations submitted in support of DOJ's motion provide sufficient information to assess the applicability of Exemptions 5 and 7(E) to the Responsive Memoranda.

In arguing for the Court to conduct its own review of the Responsive Memoranda, the ACLU again seeks to impose a test from outside of this jurisdiction.  ACLU Reply Br. 9 (citing to a four-factor test in *People for the Am. Way Found. v. Nat'l Park Serv.*, 503 F. Supp. 2d 284,

307 (D.D.C. 2007)). There is no obvious reason to look beyond the Second Circuit's own standards for making this determination, but even under the D.C. district court's test, only one factor—the number of documents at issue—weighs in favor of *in camera* review in this case. The declarations submitted in support of DOJ's motion are sufficiently detailed, and they are consistent with each other and the other evidence cited by the ACLU. To the extent that the ACLU argues that the parties dispute the contents of the Responsive Memoranda, any such dispute is of the ACLU's own making and is not grounded in any of the facts set forth in DOJ's supporting declarations or other statements. *See* ACLU Reply Br. 9-10. Thus, the remaining three factors set forth in *People for the American Way* do not support *in camera* review here. Moreover, the district court in that case recognized that "courts disfavor *in camera* inspection and it is more appropriate in only the exceptional case." *People for the Am. Way Found.*, 503 F. Supp. 2d at 307 (quotation marks and citation omitted). Because it is far from "effectively impossible" for the pending motions to be adjudicated on the existing record, the Court need not undertake its own review of the Responsive Memoranda. *Associated Press*, 549 F.3d at 67.

## CONCLUSION

For the foregoing reasons, and those stated in its previously submitted memoranda of law, DOJ respectfully requests that the Court grant its motion for summary judgment under Federal Rule of Civil Procedure 56 and deny the ACLU's cross-motion for summary judgment.

Dated: New York, New York
July 12, 2013

        Respectfully submitted,

        PREET BHARARA
        United States Attorney for the
        Southern District of New York
        *Attorney for Defendant*

By:    /s/ Carina H. Schoenberger
        CARINA H. SCHOENBERGER
        Assistant United States Attorney
        86 Chambers Street, Third Floor
        New York, New York  10007
        Telephone: (212) 637-2822
        Facsimile: (212) 637-2702
        Email: carina.schoenberger@usdoj.gov